# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

5439 SOUTH DECATUR BOULEVARD, LLC, )
)
        Plaintiff,                  )      Case No.: 2:12-cv-00359-GMN-PAL
vs.                                 )
                                    )      **ORDER**
VOLCANO DEVELOPERS, LLC; DANIEL     )
ITZHAKI; and ODEN WOLFE,            )
                                    )
        Defendants.                 )
_____)

    Before the Court is the Motion to Dismiss, or in the Alternative, Motion to Void Sale (ECF No. 9) filed by Defendants Volcano Developers, LLC ("Volcano"), and Daniel Itzhaki (collectively, "Moving Defendants").  Plaintiff 5439 South Decatur Boulevard, LLC, filed a Response (ECF No. 13) and Moving Defendants filed a Reply (ECF No. 15).

## I.    BACKGROUND

    Plaintiff is an Oregon limited liability company, and alleges that it is the beneficiary of the deed of trust on property securing a loan on which Defendants have defaulted.  The property, located at 5439 South Decatur Boulevard ("the property") was sold at public auction on November 28, 2011.  Accordingly, Plaintiff's Complaint (ECF No. 1), filed March 6, 2012, names one cause of action for a deficiency judgment pursuant to Section 40.455 of Nevada Revised Statutes.  This statute provides that:

> upon application of . . . the beneficiary of the deed of trust within 6 months after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust if it appears from the sheriff's return or the recital of consideration in the trustee's deed that there is a deficiency of the proceeds of the sale and a balance remaining due to the judgment creditor or the beneficiary of the deed of trust, respectively.

Nev. Rev. Stat. § 40.455(1).

Moving Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to void the sale of the property at 5439 South Decatur Boulevard ("the property").  To support their motion, Moving Defendants argue that the sale of the property failed to comply with the requirements of Nevada Revised Statutes, and that Plaintiff is therefore precluded from initiating this deficiency action.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

 "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   DISCUSSION

As an initial matter, the Court finds that Plaintiff has satisfied the pleading requirements of Rule 12(b)(6), having properly alleged the elements of Section 40.455(1) of Nevada Revised Statutes.  Furthermore, Moving Defendants provide no legal basis for their argument that the sale of the property, even if improperly conducted, precludes Plaintiff from initiating this action, or requires the sale to be voided.  In fact, the subject of Moving Defendants' arguments is the basis for a dispute in the related case, *Volcano Developers LLC v. Bonneville Mortg.*, No. 2:11-cv-00504-GMN-PAL, in which Moving Defendants' arguments appear to be more properly directed.  Accordingly, the Court must deny Moving Defendants' motion.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, or in the Alternative, Motion to Void Sale (ECF No. 9) is **DENIED**.

**DATED** this 13th day of February, 2013.

_____
Gloria M. Navarro
United States District Judge

Page 3 of 3